### W. O. RUSSELL ET AL. V. JOHN W. GILLESPIE.

FILED NOVEMBER 21, 1893.   No. 4660.

**Wrongful Seizure and Sale Under Writ of Attachment:**
LIABILITY OF SHERIFF: REVIEW. There is no question of law involved in this case, and the verdict of the jury being the only one that should have been rendered on the testimony, the judgment is affirmed.

ERROR from the district court of Red Willow county. Tried below before COCHRAN, J.

*W. S. Summers,* for plaintiffs in error.

*J. Byron Jennings,* contra.

RAGAN, C.

This suit was brought in the district court of Red Willow county by John W. Gillespie against William O. Russell, sheriff, V. Franklin and H. Trowbridge, sureties on the sheriff's official bond. The cause of action alleged in the petition is that on the 11th day of May, 1889, the sheriff held a writ of attachment issued by a justice of the peace in favor of Studebaker & Welch and against one A. W. Gillespie, and that under said writ said sheriff seized and sold one brown mare and one black horse, then and there the property of the said John W. Gillespie. The answer admitted the seizure and sale of the property and alleged that it belonged to A. W. Gillespie, the defendant in attachment. John W. Gillespie had a verdict and judgment, and the sheriff and his sureties bring the case here.

The only question litigated below was whether the horses seized belonged to John W. Gillespie or A. W. Gillespie. The evidence was substantially all one way. John W. Gillespie traded an interest in a saloon in Colorado for the horses, and then took or sent them to his father in Colby, Kansas. John W. then located in McCook, Nebraska, and then had these horses brought there. He rented a barn of one Hart in which to keep the horses, and placed his brother, A. W. Gillespie, the defendant in the attachment suit, in charge of them. There is nothing to contradict this evidence. The sheriff was advised when he seized the horses that they belonged to John W. Gillespie and that A. W. Gillespie had no interest in . them. The jury could have rightfully found only as they did. The sale of this property by the sheriff was a willful and malicious trespass. There is no error in the record and the judgment of the district court is

AFFIRMED.